## Lunetta License

*George W. Gekas*, for appellant.

*John P. Harrington*, for Secretary of Revenue.

HERMAN, J., April 19, 1965.—We have before us the appeal of Anthony M. Lunetta from the suspension of his motor vehicle operator's license by the Secretary of Revenue of the Commonwealth of Pennsylvania, in an exercise of the authority conferred by section 618-(a) (1) of The Vehicle Code of April 29, 1959, P. L. 58, as amended, 75 PS §618(a) (1).

On November 9, 1964, appellant suffered a hypoglycemic reaction while awaiting lunch in the Penn Harris Coffee Shop, Harrisburg, Pa. He was rushed to the Harrisburg Polyclinic Hospital, where he was

placed under the care of his physician, Doctor J. A. Daugherty, who had been treating him for diabetes.

In conformance with the policy of the Bureau of Traffic Safety, Doctor Daugherty subsequently reported this matter to the bureau; whereupon, appellant was notified that, pursuant to section 618(a)(1), his operator's license would be suspended for incompetency, effective December 17, 1964.

Section 618(a)(1) of The Vehicle Code reads as follows:

"(a) The secretary *may* suspend the operating privilege of any person . . . whenever the secretary finds upon sufficient evidence:

"(1) That such person is incompetent to operate a motor vehicle . . . or is *afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle . . . upon the highways*." (Italics supplied.)

Appellant petitioned the court, pursuant to the Act of April 29, 1959, P. L. 58, sec. 620, 75 PS §620, to grant a hearing de novo, to take testimony and to determine whether or not the suspension of appellant's operator's license should be set aside. A hearing was held and, from the testimony presented, we make the following

FINDINGS OF FACT

1. Appellant, Anthony M. Lunetta, resides in the Borough of Dauphin, Dauphin County, Pa.

2. Appellant is 47 years of age and is employed as an engineer for the Department of Forest and Waters, Commonwealth of Pennsylvania.

3. Appellant, as far as the record discloses, has never been involved in any traffic accidents due to the condition allegedly resulting in incompetency; nor has he been charged with any violation of The Vehicle Code in this Commonwealth within the preceding 10 years.

4. Appellant has been operating a motor vehicle for approximately 30 years, and currently he drives approximately 20,000 miles a year.

5. On November 9, 1964, while awaiting lunch at the Penn Harris Coffee Shop, in Harrisburg, Pa., appellant suffered an insulin reaction which rendered him totally unconscious. This reaction was the only such attack ever suffered by appellant, who has been under treatment for diabetes since October 1960.

6. Prior to the attack, appellant noticed unique symptoms; namely, a tremulous feeling with slight dizziness which he never experienced, either prior or subsequent to this attack.

7. Appellant appears to be an intelligent man who has sought out and scrupulously followed prescribed treatment by his physician, Doctor J. A. Daugherty, who describes appellant as extremely conscientious and cooperative. On the basis of the aforementioned symptoms, appellant and his physician alike believe that he would recognize an oncoming attack.

8. On December 14, 1964, the Secretary of Revenue suspended appellant's motor vehicle operator's license, effective as of December 17, 1964, "until sufficient proof of competency is established".

9. On December 16, 1964, appellant filed petition for this appeal, which was allowed as a supersedeas.

10. Appellant suffers from controlled diabetes.

11. The likelihood of a similar attack, especially an attack endangering the public highways, is remote.

12. The Secretary of Revenue has failed to meet the burden of establishing that appellant is incompetent to operate a motor vehicle.

## DISCUSSION

Neither counsel for the Department of Revenue nor the court have encountered any reported cases in which an operator's privileges were suspended because

of the possibility of a diabetic shock attack. The court does not feel there is any more risk of appellant creating a hazardous situation for himself or others while upon the highway than the numerous occasions when an average driver might suffer a heart attack or any other condition which would precipitate sudden loss of consciousness. Under these circumstances, it appears quite unjust to deprive appellant of his operating privileges, which are essential to his livelihood and enjoyment.

The sole basis upon which the Secretary of Revenue determined there was sufficient evidence to establish that appellant is "afflicted with mental or physical infirmities or disabilities rendering it unsafe" for him to operate a motor vehicle, was a single attack of insulin reaction suffered following a day of strenuous exercise resulting in a sugar deficiency. The court was impressed with the recommendation of Doctor J. A. Daugherty to the effect that there is but slight possibility of future attacks and that future attacks would, in any event, normally be preceded by perceptible symptoms of warning. It is also to be noted that, in Doctor Daugherty's professional opinion, appellant's illness is considered "well controlled," and the appellant is an extremely conscientious individual who has carefully followed his medical advice. It is the conclusion of this court that the Commonwealth has completely failed to prove the incompetency of appellant as an operator of motor vehicles and, therefore, the order of suspension should be vacated.

ORDER

And now, April 19, 1965, it is ordered that the within appeal be sustained and that the order of the Secretary of Revenue suspending the operating privileges of appellant, Anthony M. Lunetta, indefinitely, be and it hereby is vacated, overruled and reversed, and appellant's operator's license reinstated.